# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WARREN WRIGHT**                                        **CIVIL ACTION**

**VERSUS**

**VELOCITY EXPRESS, LLC, ET AL.**               **NO.: 14-00751-BAJ-RLB**

## RULING AND ORDER

Before the Court are a **Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(6) (Doc. 18)** filed by defendant TransForce, Inc. ("TransForce") and a **Motion to Dismiss Pursuant to 12(b)(6), or in the Alternative Motion for Summary Judgment (Doc. 17)** filed by defendant Dynamex, Inc. ("Dynamex"). Plaintiff Warren Wright, Jr. ("Wright") filed oppositions, (Docs. 21, 20), and both defendants filed replies, (Docs. 26, 27). Also before the Court is Wright's response to the Court's Order (Doc. 44) to show cause as to the propriety of venue in this district. Oral argument is not necessary.  The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I.    BACKGROUND

This action arises out of the alleged injuries Wright sustained while unloading floor-loaded[1] freight on March 4, 2013. (Doc. 42 at ¶3). Wright alleges that the employees of Velocity Express, LLC ("Velocity Express"), a Louisiana corporation, Dynamex, a Texas corporation, and TransForce, a Canadian corporation, improperly

---

[1] Floor-loaded freight is freight loaded in a shipping container from the floor up, rather than on pallets. Glossary of Terms for Third Party Logistics, Supply Chain Management & Fulfillment Operations, Coast to Coast Fulfillment, Inc., http://www.ctcf-inc.com/glossary/glossary-f.php. "A full floor-loaded container can hold more freight than a palletized load, but the containers take longer to load and to unload." *Id.*

loaded the freight without utilizing pallets to prevent shifting. (*Id*. at ¶¶4–5). Wright claims that TransForce, Dynamex and Velocity Express are a single business enterprise, and that Dynamex is a subsidiary of TransForce and the sole shareholder of Velocity Express. (*Id*. at ¶¶7–8, 20).

On March 12, 2014, Wright filed this action in the 18th Judicial District Court in West Baton Rouge Parish, Louisiana. (Doc. 1-2 at p. 1). On November 7, 2014, TransForce filed a Declinatory Exception of Lack of Personal Jurisdiction[2] in state court seeking to be dismissed for lack of personal jurisdiction. (*Id*. at p. 12). Before the state court held a hearing on the motion, the defendants jointly removed this action to federal court on December 4, 2014. (Doc. 1).

On February 4, 2016, TransForce and Dynamex filed the subject motions. (Docs. 17, 18). Thereafter, the Court granted Wright leave to amend his Complaint to address some of the deficiencies raised in the subject motions. (Doc. 41). On June 20, 2016, the Court ordered Wright to show cause as to why this matter should remain in the Middle District of Louisiana as the alleged injury occurred in Picayune, Mississippi. (Doc. 44). Wright timely filed a response to the order to show cause on

---

[2] After this action was removed to federal court, TransForce waited a year and two months to re-urge its request to dismiss for lack of personal jurisdiction. Moreover, TransForce never filed an answer to the Complaint. Under Federal Rule of Civil Procedure ("Rule") 81(c)(2), "[a] defendant who did not answer before removal must answer or present other defenses or objections" under the federal rules. It further instructs that "repleading is unnecessary." Fed. R. Civ. P. 81(c)(2). Since the rules that govern declinatory exceptions are located in the pleadings section of the Louisiana Code of Civil Procedure, *see* La. Code Civ. Proc. art. 925, the declinatory exception is a pleading and TransForce was not required to replead upon removal. *See Rossignol v. Tillman*, No. CIV.A. 10-3044, 2011 WL 1193017, at *2 (E.D. La. Mar. 25, 2011) ("Because defendants filed motions in state court that were pending at the time of removal, defendants did not fail 'to plead or otherwise defend' against plaintiffs' action . . ."). Nonetheless, it would have been prudent for TransForce to file the subject motion shortly after removal and not wait over a year to seek a dismissal for lack of personal jurisdiction.

June 24, 2016. (Doc. 47). All relevant memoranda are filed and the Court shall now rule on all matters *sub judice*.

## II.   VENUE

Title 28 U.S.C. § 1391 determines the proper venue for a federal civil action. When all defendants do not reside in a single state, as is the case here, a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(2).

Wright's Amended Complaint alleges that venue is appropriate in this district because a substantial part of the events giving rise to this action occurred here. (Doc. 42 at p. 1). It further alleges that Wright sustained injury while "unloading floor loaded freight that were improperly loaded . . . within the City of Port Allen." (*Id*. at p. 2). The Joint Pretrial Order clarifies that the freight was loaded in Port Allen and unloaded in Picayune, Mississippi, where Wright sustained injury. (*See* Doc. 39 at p. 15).

Due to the lack of clarity in the Amended Complaint, and the fact that the accident occurred outside of this judicial district, the Court *sua sponte* raised the issue of venue. (Doc. 44). *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (clarifying that a district court may transfer of venue *sua sponte*). Thus, the issue before the Court is whether venue is proper in the location of the accident or where the alleged negligent acts occurred. *Compare Harrison v. McDonald's Mgmt. Co.*, No. 1:10CV587 LG-RHW, 2011 WL 2036443, at *1 (S.D. Miss. May 24, 2011) ("[T]he situs

3

of the accident is the location of proper venue . . . .") *with Cabot Oil & Gas Corp. v. Water Cleaning Servs., LLC*, No. CIV.A. H-12-0665, 2012 WL 2133589, at *2 (S.D. Tex. June 12, 2012) ("[C]ourts are to focus on relevant activities of the defendant, not of the plaintiff." (internal quotation marks omitted)). The Court is mindful that "there can be more than one district in which a substantial part of the events giving rise to the claim occurred." *Owen v. Avis Rent-A-Car Sys. LLC*, No. CIV. A. 07-1565, 2008 WL 5539486, at *2 (W.D. La. July 11, 2008) (quoting *Globe Glass & Mirror Co. v. Brown*, 888 F. Supp. 768, 770 (E.D. La. 1995)).

Here, it is clear that significant occurrences happened in the Middle District of Louisiana and the Southern District of Mississippi, and that venue would be proper in both districts. Thus, the Court shall consider both the private interests and public interests in maintaining venue. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*.

Based on the private and public interests factors, the Court finds that there is a basis for maintaining venue in the Middle District of Louisiana. Of significance is the fact that a majority of the witnesses reside in Louisiana, and only one witness resides in Mississippi. (*See* Doc. 39 at pp. 27–38). Transferring this case to the Southern District of Mississippi would result in increased litigation costs and an unreasonable inconvenience to the parties and witnesses. Lastly, the Middle District of Louisiana has a localized interest in this matter as Wright is a Louisiana resident and the loading facility is located in this judicial district.

## III.  TRANSFORCE'S MOTION

TransForce, a Canadian corporation, seeks to dismiss Wright's claims against it for lack of personal jurisdiction.[3] (Doc. 18-2 at ¶6). When a nonresident defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).  "The Court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* (citing *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 443 (5th Cir. 1979)). "When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true

---

[3] TransForce also seeks a dismissal of Wright's claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court shall not consider this portion of the motion because the motion can be resolved on personal jurisdiction grounds.

5

the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts." *Id*. In such circumstances, "the plaintiff need only present a prima facie case of personal jurisdiction to satisfy its burden." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000)

In a diversity action, a federal district court may exercise personal jurisdiction over a defendant to the extent permitted by the applicable state law. *Panda Brandywine v. Potomac*, 253 F.3d 865, 868 (5th Cir. 2001). Pursuant to Louisiana Revised Statute § 13:3201, Louisiana's long-arm statute, courts are permitted to exercise personal jurisdiction over non-residents consistent with the Louisiana State Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *A & L Energy, Inc. v. Pegasus Group*, 791 So.2d 1266, 1270 (La. 2001). A court's exercise of personal jurisdiction over a non-resident defendant comports with the due process clause when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state and (2) the court's exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Wright contends that the Court has personal jurisdiction over TransForce pursuant to the single business enterprise theory. (Doc. 21 at p. 5). When two entities are a single business enterprise, or when one entity is an alter ego of another, the Fifth Circuit has instructed that "the jurisdictional contacts of one are the jurisdictional contacts of the other for the purposes of the . . . due process analysis."

6

*Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 586 (5th Cir. 2010) (internal quotation marks omitted) (quoting *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 653 (5th Cir. 2002)). Some of the factors considered when determining whether two entities are a single business enterprise include: "common ownership, directors and officers, employees, and offices; unified control; inadequate capitalization; noncompliance with corporate formalities; centralized accounting; unclear allocation of profits and losses between corporations; one corporation paying the salaries, expenses, or losses of another corporation; and undocumented transfers of funds between entities." *Id.* at 587 (citation omitted).

To determine the existence of a single business enterprise, the Court will rely on the factual allegations in the Amended Complaint and the evidence[4] submitted by Wright. Wright's Amended Complaint alleges that TransForce, in conjunction with its subsidiary Dynamex, terminated Velocity Express' CEO, ran Velocity Express' daily operations, paid Velocity Express' debt obligations, and financed equipment for

---

[4] Pursuant to Federal Rule of Evidence ("Rule") 804(b)(1), TransForce objects to all of the depositions submitted by Wright from an unrelated proceeding in the United States District Court for the Northern District of California. Doc. 26 at p. 1 n.1. Rule 804(b)(1) is an exception to the hearsay rule that permits the admission of hearsay testimony from a different proceeding when the witness is unavailable and it is offered against a party who had "an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(A), (B). Here, TransForce has not identified which portions of the depositions are inadmissible hearsay, but implies that the entirety of each deposition is hearsay. Similar to a motion for summary judgment, sworn deposition testimony is acceptable for the subject motion regardless of whether the testimony was taken in a separate proceeding. *Cf. Gulf USA Corp. v. Fed. Ins. Co.*, 259 F.3d 1049, 1056 (9th Cir. 2001) (applying the same proposition to summary judgment evidence). As long as the deposition testimony is based on personal knowledge and the content is admissible, it is acceptable. *See also State Farm Lloyds v. Jones*, No. 4:05-CV-389, 2006 WL 2589059, at *2 (E.D. Tex. Sept. 6, 2006) ("Proffered evidence in a summary judgment motion need not be in admissible form, but its content must be admissible." (citation omitted)). The sole fact that the deposition derived from an unrelated proceeding does not of itself render it hearsay.

Velocity Express. (*See* Doc. 42 at ¶¶9–17). The evidence demonstrates that TransForce purchased Velocity Express for the purpose of merging it with Dynamex and that Dynamex controlled Velocity Express' daily operations and provided funding to the company. (*See* Doc. 21-2 at p. 2; Doc. 21-4 at 182:3-15; 110:18-111:15; Doc. 21-8 at 131:3-13). Between February 2013 and the beginning of 2014, Velocity Express fully integrated and merged with Dynamex. (Doc. 21-4 at 28:13–16; 176:10–177:10). During that time, Velocity Express was subjected to TransForce's subsidiary-wide hiring freeze, (Doc. 21-4 at 148:25–151:14), and travel policy, (Doc. 21-8 at 157:20–159:15). Additionally, TransForce purchased 350 scanners for $600,000 on behalf of Velocity Express and assisted Dynamex with the promotion of Velocity Express employees. (Doc. 21-5 at 124:14–23; Doc. 21-4 at 148:25-151:14, 166:6-21).

Construing the factual allegations and the evidence in Wright's favor, the Court finds that a single business enterprise did not exist. First, the Amended Complaint and Wright's evidence reveal the process of a formal merger between Dynamex and Velocity Express, and not a single business enterprise between the three defendants. For example, only Dynamex and Velocity Express shared certain officers and warehouse space, (Doc. 21-8 at 131:3-13; Doc. 21-4 at 176:10-177:10), and only Dynamex controlled and funded Velocity Express' daily operations. (Doc. 21-4 at 182:3-15).

Second, TransForce did not exert a level of control over Dynamex and Velocity Express that was "more than that appropriate for a sole shareholder of a corporation." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1161 (5th Cir. 1983). TransForce

8

subjected Velocity Express to its subsidiary-wide policies, participated in the promotion of Velocity Express employees, and purchased new scanners on behalf of Velocity Express. This is not enough, however, to conclude that TransForce did not maintain a separate and distinct corporate form or that it controlled the internal business operations and affairs of Dynamex and Velocity Express. *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) (concluding that a parent and a subsidiary were separate entities despite the parent having "complete authority over [the subsidiary's] general policy decisions . . . , including such matters as selection of product lines, hiring and firing [the subsidiary's] officers, and approval of sizable capital investments").

TransForce's relationship with Dynamex and Velocity Express is indicative of a parent-subsidiary relationship, which is not enough to confer personal jurisdiction. *See Hargrave v. Fibreboard Corp*., 710 F.2d 1154, 1159 (5th Cir. 1983) ("[T]he mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent."). There is no evidence that corporate formalities were not scrupulously observed. *Hargrave*, 710 F.2d at 1160 ("The corporate formalities were scrupulously observed. T & N and K & M maintained separate bank accounts, accounting and payroll systems, insurance contracts, budgets, and financial records; they also filed separate tax returns. No assets of the corporations were commingled."); *see also Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. 1990) (concluding that a parent-subsidiary relationship did not satisfy the alter ego analysis because all factors were outweighed by the parent

company's compliance with corporate formalities). Therefore, Wright has failed to establish personal jurisdiction under the single business enterprise theory and TransForce's motion to dismiss is **GRANTED**.

### IV.   DYNAMEX'S MOTION

Dynamex filed a Rule 12(b)(6) motion to dismiss for failure to state a claim, and in the alternative, a Rule 56 motion for summary judgment.  Dynamex's Rule 12(b)(6) motion shall be recast as a Rule 12(c) motion for judgment on the pleadings because the pleadings are closed.[5] Nonetheless, the same legal standard to be applied under a Rule 12(b)(6) motion is applied to Rule 12(c) motions. *Delta Truck & Tractor v. Navistar Int'l Transportation Corp.*, 833 F. Supp. 587, 588 (W.D. La. 1993) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Summary judgment, however, is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact

---

[5] A Rule 12(b)(6) motion must be made before pleadings are closed. Fed. R. Civ. P. 12(b). The pleadings closed when Dynamex filed an answer on November 7, 2014. Doc. 1-2 at p. 7.

cannot be genuinely disputed must support the assertion by citing materials in the record or asserting that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

Here, Dynamex solely argues that Wright failed to allege any conduct attributable to Dynamex.[6] (Doc. 17-1 at p. 3). Plaintiff's Amended Complaint addressed this deficiency by alleging that the employees who committed the negligent acts were employed by all defendants, including Dynamex. (Doc. 42 at ¶¶3, 5). Since the Amended Complaint was filed into the record, Dynamex has not moved the Court for leave to supplement its motion to reflect the amended allegations. As a result, Dynamex's motion is **DENIED**, but without prejudice to Dynamex refiling.

## V.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that TransForce's **Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(6) (Doc. 18)** is **GRANTED** and Wright's claims against TransForce are **DISMISSED WITOUT PREJUDICE**.

---

[6] This argument forms the basis of Dynamex's motion to dismiss and motion for summary judgment.

**IT IS FURTHER ORDERED** that Dynamex's **Motion to Dismiss Pursuant to 12(b)(6), or in the Alternative Motion for Summary Judgment (Doc. 17)** is **DENIED**, without prejudice to Dynamex refiling.

Baton Rouge, Louisiana, this __21ˢᵗ__ day of July, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

12