UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| WARREN WRIGHT | CIVIL ACTION |
|---|---|
| VERSUS | |
| VELOCITY EXPRESS, LLC, ET AL. | NO.: 14-00751-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **Motion for New Trial (Doc. 91)** filed by Warren Wright, Jr. ("Plaintiff"). In his motion, Plaintiff requests a new trial pursuant to Federal Rule of Civil Procedure ("Rule") 59(a), arguing that the jury's verdict is against the clear weight of the evidence, and suggesting that the jury may have improperly considered the possibility that Plaintiff received benefits for his accident-related injury in reaching its verdict. Velocity Express, LLC ("Defendant") filed a memorandum in opposition. (Doc. 99). Oral argument is not necessary. For reasons assigned below, Plaintiff's motion is **DENIED**.

### I. BACKGROUND

Plaintiff, an independent contractor, filed the instant personal injury action in the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana, on March 12, 2014, alleging that Defendant was liable unto him for an injury he sustained while removing cargo loaded onto his truck by Defendant's employees. (*See* Doc. 1). Defendant removed the action to this Court on December 4, 2014, and the matter was tried before a seven-member jury from January 23 – 25, 2017. On the final day of trial, the jury returned a verdict in favor of Defendant,

1

finding that Defendant was not guilty of negligence that was a legal cause of Plaintiff's accident and injury. (Doc. 85). The Court entered a final judgment in favor of Defendant on January 31, 2017. (Doc. 88). Plaintiff timely filed the instant motion on February 22, 2017. *See* Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment.").

II. **LEGAL STANDARD**

Rule 59(a) provides that a new trial may be granted "on all or some of the issues … after a jury trial, for any reason for which a new trial has heretofore been granted in an action in federal court." Fed. R. Civ. P. 59(a)(1). Although Rule 59(a) does not list specific grounds for a new trial, the U.S. Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted). However, it is within the "sound discretion of the trial court" to determine whether to grant or deny a motion for new trial. *Pryor v. Trane Co.*, 138 F.3d 1024, 2016 (5th Cir. 1998).

Plaintiff contends that the jury's finding that Defendant was not a legal cause of Plaintiff's accident and injury was against the clear weight of the evidence. As Defendant correctly notes, the law of the Fifth Circuit requires that a federal court sitting in diversity apply state law in a Rule 59 challenge to the adequacy of the evidence in diversity cases. *See Foradori v. Harris*, 523 F.3d 477, 497-98 (5th Cir. 2008). Accordingly, under Louisiana law, "[a] new trial shall be granted . . . when the

2

verdict or judgment appears clearly contrary to the law and the evidence." La. Code Civ. P. art. 1972(1). "The trial court's discretion in ruling on a motion for new trial is great," *Davis v. Wal–Mart Stores, Inc.*, 2000–0445 (La.11/28/00), 774 So.2d 84, 93, and "the court can evaluate the evidence, draw it's [sic] own inferences and conclusions, and determine whether the jury 'erred in giving too much credence to an unreliable witness.'" *Fair v. Allen*, 669 F.3d 601, 605 (5th Cir. 2012) (quoting *Joseph v. Broussard Rice Mill, Inc.*, 2000–0628 (La.10/30/00), 772 So.2d 94, 104)). However, the Louisiana Supreme Court has cautioned that, notwithstanding the judicial discretion involved in determining a motion for a new trial, "the jury's verdict should not be set aside if it is supportable by any fair interpretation of the evidence." *Davis*, 774 So.2d at 93 (quoting *Gibson v. Bossier City Gen. Hosp.*, 594 So.2d 1332 (La. App. 2 Cir. 1991)).

### III. DISCUSSION

Here, the jury found that Defendant was not the legal cause of Plaintiff's injuries. (*See* Doc. 85 at p. 1). After considering the evidence adduced at trial, and with the extremely deferential standard of review in mind, the Court finds that the jury's verdict is supportable by a fair interpretation of the evidence and should therefore not be set aside. At trial, the parties offered two competing theories in support of their respective contentions that the other was legally responsible for Plaintiff's injuries. Specifically, Plaintiff cited the method Defendant used to load Plaintiff's truck—"downstacking" as opposed to wrapping pallets of cargo with plastic—as the reason Plaintiff sustained injury to his shoulder, and supported this

3

theory with witness testimony and a photo of allegedly negligently stacked cargo that resembled Plaintiff's truck on the date of the accident. Although testimony at trial established that Defendant's employees chose one method of loading over the other, the propriety of the loading method was not at issue in this case. Rather, Plaintiff was charged with demonstrating that on the date in question, he sustained injuries because of negligence on the part of Defendant's employees. To refute this contention, Defendant challenged the credibility of Plaintiff's witnesses, and the jury was ultimately required to make several credibility determinations when assessing the evidence before them. Further, with respect to the photos and videos of Plaintiff's truck, although Plaintiff and other witnesses insist that the depictions of Plaintiff's truck resemble the manner in which Plaintiff's truck was loaded on the date of the accident, the Court cannot ignore the fact that these photos and were taken *before* the date of the accident, nor can the Court reasonably assume that the jury failed to recognize this fact as well. By the end of the trial, the jury made its credibility assessments, weighed the evidence, and drew inferences from this evidence in a manner favorable to Defendant. Considering the entire record, there is no basis to conclude that the verdict was against the great weight of the evidence.

Finally, Plaintiff's implication that the admission of limited testimony regarding the Agreement between Plaintiff and Defendant may have resulted in a negative verdict for Plaintiff is unavailing. First, whether the jury could hear evidence of benefits paid through any insurance policy obtained in compliance with the occupational accident provision of the Agreement was the subject of a pretrial

motion *in limine* filed by Plaintiff. (*See* Doc. 81). The Court ultimately ruled in Plaintiff's favor and held that although the jury could not hear evidence of any benefits paid pursuant to the terms of the Agreement, the Court would allow testimony and evidence regarding the *existence* of the Agreement. (*See* Doc. 83). Further, as both parties note, the Court thereafter provided a limiting instruction to the jury before they commenced deliberation, instructing them to avoid any inclination to speculate about whether Plaintiff received any payments from insurance he may have had pursuant to the Agreement.[1] Finally, it is unreasonable to conclude that the jury's finding of *liability* in favor of Defendant was influenced by the *amount of damages* Plaintiff would have been entitled to in the event liability was ultimately imputed to Defendant. Accordingly and for these reasons, the Court is not inclined to override the jury's verdict.

---

[1] Specifically, the Court instructed the jury as follows:

> "You have heard evidence that in accordance with a provision in an Independent Contract Agreement between Mr. Wright and Velocity Express, LLC, Mr. Wright was required to maintain either worker's compensation insurance or occupational accident insurance as a condition of his employment with Velocity Express, LLC. That provision was admitted solely for the purpose of explaining the existence of the contract between the parties and that Mr. Wright was in compliance with all provisions of the contract. You should not, based on that contract and specifically based on the workers compensation insurance/occupational accident insurance provision in the contract, speculate about whether Mr. Wright received any payments because of any insurance he may have had pursuant to that provision. Deciding whether Mr. Wright received payments is not part of your role as a juror."

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the **Motion for New Trial (Doc. 91)** filed by Warren Wright, Jr. is **DENIED**.

Baton Rouge, Louisiana, this 31st day of May, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**